# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| KENNETH HENRY SHERMAN, #183789, | ) ) ) | |
| Petitioner, | ) ) | CIVIL ACTION NO. 9:15-3660-PMD-BM |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| TIM RILEY, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed <u>pro se</u> on September 9, 2015.[1]

The Respondent filed a return and motion for summary judgment on December 2, 2015. As the Petitioner is proceeding <u>pro se</u>, a <u>Roseboro</u> order was filed on December 3, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time to respond, Petitioner filed a response in opposition on February 11, 2016.

This matter is now before the Court for disposition.[2]

---

[1]Filing date pursuant to <u>Houston v. Lack</u>, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and (continued...)



1

**Procedural History**

Petitioner was indicted in Greenville County in January 2012 for possession of cocaine base with intent to distribute [Indictment No. 11-GS-23-5695] and trafficking heroin [Indictment No. 11-GS-23-5696]. (R.pp. 96-100). Petitioner was represented by Jake Erwin, Esquire and proceeded to a pre-trial suppression hearing on February 13, 2012. (R.pp. 1-26). After Petitioner's motion to suppress the drugs was denied, Petitioner decided to plead guilty as charged and was sentenced to sixteen (16) years, concurrent, on each charge. (R.pp. 28, 35, 98, 101). Petitioner thereafter filed a pro se notice of direct appeal, which he failed to timely serve. See Respondent's Attachment 2. Accordingly, the direct appeal was dismissed by the South Carolina Court of Appeals on October 30, 2012. Id. The Remittitur was sent down on December 13, 2012. See Respondent's Attachment 3.

On January 15, 2013, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court; Sherman v. State of South Carolina, No. 2013-CP-23-242; asserting that he did not appeal his conviction because "Counsel didn't honor [his] request for an appeal," that his guilty plea "was not knowingly and intelligently made," and ineffective assistance of counsel. (R.pp. 38-39).[3] Petitioner was represented in his APCR by Brian P. Johnson, Esquire, and an evidentiary hearing was held on April 23, 2014. (R.pp. 50-87). In an order dated May 16, 2014 (filed May 20, 2014), the PCR judge granted Petitioner's request for a belated appeal but denied relief on

---

(...continued)
Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Although the Petitioner references "attached sheets" in his PCR application, Respondent represents that they contacted the Greenville County Clerk's Office for a copy of the application, and it appears that the Petitioner did not submit any "attached pages" with the application. See Court Docket No. 13, p. 3, n. 1.



the remainder of the APCR in its entirety. (R.pp. 88-95).

Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented

on appeal by Benjamin John Tripp of the South Carolina Office of Appellate Defense, who raised the

following PCR issues:

> **Ground One**: Whether the trial court correctly granted Petitioner a belated appeal
> pursuant to <u>White v. State</u>, 108 S.E.2d 35 (S.C. 1974).

> **Ground Two:** Whether the PCR judge erred in concluding Petitioner did not establish
> ineffective assistance of counsel by ruling that calling Petitioner to testify would not
> have changed the trial court's denial of his motion to suppress drug evidence.

<u>See</u> Petition, p. 3 (Respondent's Attachment 6).

Petitioner's counsel also filed an <u>Anders</u>[4] brief pursuant to <u>White v. State</u>, 208 S.E.2d 35 (S.C. 1974),

requesting to be relieved and raising the following direct appeal issue:

> Did the trial judge err in ruling [Petitioner] was not seized for purposes of the Fourth
> Amendment where he was a passenger in a car during a traffic stop and where the
> police officer asked for his identification?

<u>See</u> Petition, p. 3 (Respondent's Attachment 7).

On August 26, 2015, the South Carolina Supreme Court denied Petitioner's writ of

certiorari, dismissed the <u>Anders</u> brief direct appeal issue, and granted counsel's request to be relieved.

<u>See</u> Respondent's Attachment 9. The Remittitur was sent down on September 11, 2015. <u>See</u>

Respondent's Exhibit 10. However, one day earlier, on September 10, 2015, the Petitioner had filed

a Petition for Writ of Habeas Corpus in the South Carolina Supreme Court pursuant to S.C. Appellate

---

[4]<u>Anders v. California</u>, 386 U.S. 738 (1967). <u>Anders</u> requires appointed counsel who seeks
to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything
in the record that arguably could support an appeal; a copy of that brief must be furnished to the
defendant; and after providing the defendant with an opportunity to respond, the reviewing court must
conduct an independent and complete examination of the proceedings to determine if further review
is merited. <u>See Anders</u>, 386 U.S. at 744.



Ct. R. 245(B), and in which he asserted "he is entitled to immediate relief from detention, where a fundamental miscarriage of justice has occurred."    See Respondent's Attachment 11, p. 2. Specifically, Petitioner sought relief due to the alleged "failure [of the Department of Corrections] to calculate work credits and good conduct credits, as required by S.C. Code § 44-53-375(b) would constitute unlawful detention, and that an Order be issued directing the Petitioner as Parole Eligible Immediately".    See Respondent's Attachment 11, p. 3.    The South Carolina Supreme Court considered and denied this petition in an order issued on September 23, 2015. See Court Docket No. 1-4.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

**Ground One:** Petitioner was denied his Sixth Amendment right pursuant to Strickland v. Washington, under the United States Constitution.

**Supporting Facts:** On Janu[a]ry 10, 2012, the Greenville County Grand Jury Indicted Petitioner for cocaine base with intent to distribute and trafficking Heroin. Prior to trial, Petitioner moved to suppress drug evidence from Petitioner as a result of a traffick[sic] stop. The Trial Court denied the motion. In a hearing on the motion to exclude the drug evidence, the State call[sic] law enforcement officer James Godfrey to testify that on March 23[,] 2011, he pulled over a Dodge Stratus on Anderson Road near Greenville for Speeding. Godfrey asked for the driver's information and identifying information from the other two occupants of the vehicle, including Petitioner, who was a passenger in the back seat. Godfrey sta[t]ed Petitioner had no identification card but gave his name and date of birth. Godfrey returned to his patrol vehicle to run the information of all occupants of the vehicle. Finding records showed that Petitioner had an [sic] outstanding warrant. Godfrey testified that he returned to the vehicle to advise the Petitioner he was attempting to secure the warrant. The[n] returned to his patrol car to right [sic] out a warning for the driver for speeding. At that time Petitioner fled from the vehicle on foot. Godfrey, and another officer at the stop gave chase and tazed the Petitioner and then handcuffed him. They searched the Petitioner's pockets and found baggies of heroin, scales, and pieces if crack. Counsel cross examined Godfrey, and Godfrey's account of order of events and some additional details [sic]. Counsel argued that Godfrey's seizure of Petitioner was impermissible [sic] while he ran the warrant check. The State responded that a warrant search did not measurably extend the initial, valid traffick [sic] stop. The

4



Trial Court ruled that no length of the stop was corroborated [sic] by evidence. That the real issue was whether the Petitioner was seized for the purposes of the Fourth Amendment. Further that Petitioner did not refuse Godfrey's request for information, therefore the evidence did not show the interaction constituted a seizure rather than consensual encounter. Petitioner argues that such detention is a seizure and in violation of the Fourth Amendment and that Counsel was ineffective for failing to allow Petitioner to testify to rebut the testimony of refusal or consensual encounter.

**Ground Two**[5]**:** Petitioner was denied a State Created Liberty Interest. This violated Petitioner's right to Due Process, as guaranteed by the (14) Fourteenth and (5) Fifth Amendments to the United States Constitution, See *Clemons v. Miss*, 494 U.S. 738 (1990)).

**Supporting Facts:** Petitioner contends that his sentence for Possession of Cocaine Base with Intent to Distribute falls within the language of S.C. Code § 44-53-375(b), which entitles him to a reduction in his sentence [Petitioner argues that he is parole eligible].

See Petition, p. 6; see also Court Docket No. 10.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services,

---

[5]Petitioner filed an Amended Petition on October 23, 2015, adding Ground Two. See Court Docket No. 10.

5



901 F.2d 387 (4th Cir. 1990).

## I.

In Ground One of his Petition, Petitioner argues that his trial counsel was ineffective for failing to have him testify at his pre-trial suppression hearing and that the arrest that led to his convictions violated the Fourth Amendment.  The first part of this claim was addressed both in Petitioner's PCR proceedings, where he had the burden of proving the allegations in his petition; Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986); as well as on appeal to the State Supreme Court.  (R.pp. 88-95); see also Respondent's Attachments 6 and 9.  The second part of Ground One was raised in the belated appeal Anders brief and was also rejected by the South Carolina Supreme Court.  See Respondent's Attachments 7 and 9.  After careful consideration of these claims, the undersigned does not find that Petitioner has established any basis for federal habeas relief.

### Fourth Amendment Claim

Initially, with regard to Petitioner's claim that his detention and seizure was in violation of the Fourth Amendment, any freestanding Fourth Amendment allegation is not cognizable on federal habeas corpus relief.  Stone v. Powell, 428 U.S. 465, 482 (1976); Todd v. Warden, Livesay Corr. Inst., No. 14-00221, 2015 WL 424573, at *6 (D.S.C. Feb. 2, 2015) appeal dismissed, No. 15 6620, 2016 WL 212510 (4th Cir. Jan. 19, 2016).  As such, Petitioner can only proceed with this claim if he can show that he was denied a full and fair opportunity to pursue this issue in state court. Stone, 428 U.S. at 494; Doleman v. Muncy, 579 F.2d 1258, 1265 (4th Cir.1978) [applying Stone and holding that where a state court provides a mechanism under state practice to litigate Fourth Amendment claims, then the court "need not inquire further into the merits of the petitioner's case



... unless the prisoner alleges something to indicate his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired"].  In this case, Petitioner had a full and fair opportunity to litigate this Fourth Amendment issue during his suppression hearing in state court and did so.  (R.pp. 5-26).  Petitioner also was provided a belated appeal and pursued this issue before the South Carolina Supreme Court.  See Respondent's Attachments 7 and 9.  Therefore, having determined that Petitioner was provided a full and fair opportunity to pursue his Fourth Amendment claim in state court in accordance with Stone, this court need not inquire further into the merits.[6]

In any event, when a defendant pleads guilty, he waives all non-jurisdictional defenses and claims of constitutional violations; and at PCR can only attack the voluntary and knowing nature of his plea.  See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ["When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea . . . he may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann."] [citing McMann v. Richardson, 397 U.S. 759, 770 (1970)]; Menna v. New York, 423 U.S. 61, 62 n.2 (1975) ["A guilty plea . . . renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established."]; United States v. Willis, 992

---

[6]Although Petitioner makes an argument that two dash cam recordings would have aided his argument to suppress this evidence and moved for discovery to subpoena these recordings as "new evidence", this evidence was known by Petitioner during his state court proceedings and not presented in his state PCR hearing.  Petitioner has not shown that he could not have pursued and presented this evidence to the state courts.  See discussion, infra.



F.2d 489, 490 (4th Cir.1993) [holding that habeas petitioner's voluntary and intelligent guilty plea forecloses his right to challenge the factual sufficiency of the charged offense]; see also State v. Munsch, 338 S.E.2d 329, 330 (S.C. 1985) ["Guilty pleas act as a waiver of all non-jurisdictional defects and defenses[,]" and leaves open for review only the sufficiency of the indictment while waiving all other defenses].  Petitioner pled guilty in this case, and therefore this claim is without merit.

### Ineffective Assistance of Counsel

With regard to Petitioner's ineffective assistance of counsel claim based on trial counsel failing to have Petitioner testify in his suppression hearing, the PCR court rejected that claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Sherman v. State of South Carolina, No. 2013-CP-23-242.  Specifically, the PCR judge found that: 1) Petitioner stated plea counsel was not his first attorney but started representing him in November or December 2011; 2) Petitioner stated he and plea counsel discussed the evidence (including that the drugs were found on his person) and his version of events; 3) Petitioner stated he wanted a trial; 4) Petitioner stated there was a suppression hearing the morning of trial and that plea counsel argued the drugs should be suppressed because the officer exceeded the scope of his duties; 5) Petitioner stated he should have testified at the suppression hearing but plea counsel advised him not to; 6) Petitioner stated plea counsel admitted his ineffectiveness at the suppression hearing because he said he could not properly investigate the case; 7) Petitioner stated that both the plea judge and plea counsel pressured him to plead guilty during off-the-record discussions;

8) Petitioner's plea counsel confirmed he was not Petitioner's first attorney and that



he assumed representation in October or November 2011 when Petitioner's first attorney took another position; 9) plea counsel testified that he and the Petitioner discussed the discovery materials and Petitioner's version of events; 10) plea counsel testified they always planned to have a suppression hearing and that he argued there was an illegal search and seizure in this case; 11) plea counsel testified he discussed with Petitioner whether or not he should testify but that he concluded Petitioner's testimony would not add anything to his legal arguments; 12) plea counsel testified the plea judge remembered Petitioner from a prior case and was informational and friendly when he explained Petitioner would receive a mandatory minimum sentence of twenty-five years if he was found guilty at trial; 13) plea counsel testified the plea judge was not being heavy-handed in this discussion; 14) plea counsel testified the assistant solicitor stated the charge would be reduced if he pled guilty; 15) plea counsel testified he discussed the advantages and disadvantages of a plea versus a trial with the Petitioner over a lunch break and that Petitioner understood there was no sentence recommendation; 16) plea counsel testified that Petitioner decided to plead guilty;

17) Petitioner failed to meet his burden of proving plea counsel did not properly represent him at the hearing on the motion to suppress; 18) while Petitioner argued plea counsel admitted to the plea judge that he was unable to fully investigate the case; 19) and argued he should have been allowed to testify at the suppression hearing; 20) these allegations were without merit; 21) while plea counsel did state he did not think he could "effectively represent [the Petitioner] without being able to investigate this stuff," this was neither an example nor an admission of ineffectiveness; 22) rather, plea counsel was merely expressing his frustration to the judge that a police officer would not talk to him about the case; 23) the plea judge then properly advised counsel that the witness was not obligated to speak with him; 24) plea counsel vigorously argued a well-researched motion to



suppress the evidence in this case and Petitioner failed to demonstrate what else plea counsel could have investigated in preparation for the hearing;

25) plea counsel also explained that he discussed the suppression motion with Petitioner and whether or not Petitioner would testify; 26) plea counsel's testimony was credible; 27) plea counsel's decision not to call the Petitioner as a witness at the hearing was a legitimate strategic decision, as the arguments made at the hearing were primarily legal arguments; 28) Petitioner admitted plea counsel made proper legal arguments at the suppression hearing in arguing the arresting officer exceeded his scope during the stop and seizure; 29) Petitioner's testimony at the suppression hearing would not have changed the outcome of the hearing; 30) Petitioner failed to meet his burden of proof that his guilty plea was involuntary;

31) while Petitioner stated the plea judge and plea counsel pressured him into pleading guilty, the PCR Court did not find this testimony credible; 32) plea counsel testified that the plea judge was being very friendly with the Petitioner in advising him of the risks of going to trial; 33) plea counsel testified he was given time to discuss the options of a guilty plea versus a trial with the Petitioner and that Petitioner decided to plead guilty; 34) plea counsel's testimony was both credible and supported by the record; 35) Petitioner admitted to the plea judge both that he was guilty and that the facts set forth in the suppression hearing were true; 36) Petitioner also told the plea judge he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way; 37) there was no evidence in the plea transcript to support the Petitioner's assertion that he was pressured into entering a guilty plea; therefore the transcript refuted this allegation; 38) Petitioner entered a knowing and voluntary guilty plea; 39) Petitioner failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his



representation of the Petitioner;

40) Petitioner's allegation that he was denied a direct appeal was meritorious; 41) Petitioner stated he asked plea counsel to file an appeal; 42) plea counsel testified he did not recall whether the Petitioner asked him to file an appeal but noted his general practice would be to file an appeal if requested; 43) Petitioner did not knowingly and voluntarily waive his right to a direct appeal; 44) with regard to any and all allegations raised in the application or at the hearing in this matter and not specifically addressed in the PCR court's order, Petitioner failed to present any evidence regarding such allegations; and 45) Petitioner therefore waived such allegations and failed to meet his burden on them.  (R.pp. 90-95).

Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d 1560, 1568 (4th



Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th

Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Even so, with regard to the ineffective assistance of

counsel claim that was adjudicated on the merits by the South Carolina state court, this Court's

review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted

by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000).  See Bell v. Jarvis, supra; see also

Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect

to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted

in a decision that was contrary to, or involved an unreasonable application of, clearly established

federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in

considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes

"whether counsel's conduct so undermined the proper functioning of the adversarial process that the

trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland,

the Supreme Court articulated a two prong test to use in determining whether counsel was

constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.

This requires showing that counsel made errors so serious that counsel's performance was below the

objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner

must show that counsel's deficient performance prejudiced the defense such that the Petitioner was

deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a

Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not



have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under the standard of Strickland and Hill, or that his guilty plea was not voluntarily and knowingly entered. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

A review of the record confirms that prior to the court hearing the motion to suppress, Petitioner's counsel complained to the court that he had attempted to talk to Officer Godfrey to investigate some issue with him and needed to be able to investigate the matter with Godfrey to effectively represent his client, but that Godfrey had refused to talk with him. (R.pp. 5-6). However, the court told counsel that Godfrey was not required to talk with him, and then heard Petitioner's motion to suppress including his counsel's legal arguments, ultimately denying the motion. (R.pp. 6, 7-26). Petitioner then decided to enter a guilty plea. At Petitioner's guilty plea, the plea judge explained the charges that Petitioner was facing, the maximum penalties, and that both offenses were considered serious offenses as well as the ramifications if he was convicted of a third serious offense. (R.pp. 29-30). Petitioner affirmed to the plea court that he wanted to plead guilty, that no one had forced him in any way to do so, and that he was pleading freely and voluntarily. (R.p. 30). Petitioner also affirmed that he understood his rights to a jury trial, the state's burden, his right to confront and cross-examine witnesses, the right to present a defense, to remain silent, and to not incriminate himself. (R.pp. 30-31). Petitioner also testified that he wanted to give up those rights, that he was guilty, and wanted to enter his guilty plea. (R.pp. 30-31). When asked if he was totally satisfied with



his counsel, Petitioner responded "[t]otally."  He also testified that he had had enough time to review the evidence that the State had against him, that he had heard the facts from the suppression hearing, and that those facts were substantially true and correct.  (R.p. 31).  The solicitor then represented to the plea court what drugs were found on the Petitioner, Petitioner's admission to Deputy Woodall of being in possession of those items, and that Petitioner had at least two other prior drug convictions. (R.pp. 32-33).  The solicitor also noted that the State had originally offered a fifteen (15) year sentence, apparently if Petitioner would have pled at that time, but that Petitioner had not taken that offer and now additional work and action on the case had transpired.  Therefore, the State requested a higher sentence at Petitioner's plea.  (R.p. 33).

There is nothing in this record to indicate any ineffective assistance of counsel or that Petitioner's plea was not knowingly and voluntarily entered.  Nor does the record from Petitioner's PCR proceeding contain any evidence to justify the overturning of his plea or conviction.  Petitioner testified at his PCR hearing about the events surrounding his arrest, and that he believed there were videos from two dash cams that would assist his defense. (R.pp. 58-62).  However, those videos were not introduced in his PCR hearing.[7]  With regard to the issue of his counsel refusing to allow him to testify, Petitioner testified that he would have told his version of the events that happened. Specifically, he would have testified that once the driver complied with the officer's demands and

---

[7]Petitioner requested access to these alleged videos in this case.  However, he failed to show that this would be new evidence which he would be entitled to through discovery in this federal habeas petition.  See Court Docket No. 25 [denying Petitioner's motion to compel].  Petitioner testified that he was aware of these alleged videos at the time of his PCR hearing and they were not introduced into evidence and made a part of the record at that time.  (R.pp. 61-62).  While Petitioner testified that he had attempted to subpoena these videos, there is no evidence in the record of any motions to compel being filed with the state court or any requests from his PCR counsel during the state court proceedings for production of any videos.



the officer discovered that the driver had a record, the officer snatched the driver out of the car and Petitioner decided to run at that point.  (R.p. 62).  Petitioner testified at his PCR hearing that since the officer was "illegally" searching the driver after writing the warning ticket, they should have let them all go prior to that search.  (R.p. 62).  On cross examination, Petitioner testified that he could not remember why his counsel did not want him to testify, but that he wanted to testify to be able to say the officer exceeded his scope.  (R.pp. 70-71).  However, Petitioner conceded that his counsel made that same argument to the Court, and that he did not believe he would have been any more successful than his counsel.  Rather, he testified that he just wanted to tell his version of the events. (R.p. 71).

There is nothing in this record which establishes any entitlement to relief, or to show that Petitioner's counsel was ineffective for failing to have him testify at the suppression hearing. The PCR court found Petitioner's counsel credible on this issue and that Petitioner was not credible, findings that are entitled to substantial deference on habeas corpus review.  Marshall v. Lonberger, 459 U.S. 422, 434 (1983)["28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court ..."].  While a district court may, in an appropriate case, reject the factual findings and credibility determinations of a state court; Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); the court may not substitute its own credibility determinations for those of the state court simply because it may disagree with the state court's findings (assuming that were to be the case).  Moreover, the record shows that Petitioner's counsel strongly advocated to the state court to suppress the evidence on legal grounds, with the state court even noting that counsel was "fighting hard for [Petitioner], but I don't find a violation here." (R.pp. 7-26).  Counsel testified that he believed that he could make a more effective argument



15

without Petitioner's testimony, that Petitioner's testimony would not have really added anything, and that the legal arguments which he intended to, and did make, were supported by the officer's testimony. (R.p. 79). Given the deference due the state court's findings on this credibility issue, Petitioner has not shown that the state court's findings were unreasonable under § 2254(d), nor has Petitioner overcome the presumption accorded to the PCR court's findings. See Pondexter v. Dretke, 346 F.3d 142, 147-149 (5th Cir.2003)[finding that the district court "failed to afford the state court's factual findings proper deference" by "rejecting the state court's credibility determinations and substituting its own views of the credibility of witnesses."]; Evans, 220 F.3d at 312. See Seymour v. Walker, 224 F.3d 542, 553 (6th Cir.2000)["Given the credibility assessment required to make such a determination and the deference due to state-court factual findings under AEDPA, we cannot say that the trial court's finding was unreasonable under § 2254(d)(2)."].

Although Petitioner disagrees with his trial counsel's strategy with the benefit of hindsight, he has not shown that his testimony at a suppression hearing would have resulted in a different outcome in this case. While Petitioner speculates that if counsel had allowed him to testify, that would have affected the outcome of the case, this unsubstantiated offering is insufficient to show his counsel was ineffective. The decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, but tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966),



16

cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776 (1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].

Nor does the decision not to have Petitioner testify at his suppression hearing render his plea invalid. Criminal defendants often make the decision to plead guilty based on a likelihood of conviction at trial, and although Petitioner now claims that his plea was involuntary because he would not have pled if his suppression hearing had been handled properly, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981). Here, Petitioner readily admitted his guilt, and he has failed to show his counsel was ineffective under the standards discussed hereinabove. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; see also Wade v. State, 419 S.E.2d 781, 782 (S.C. 1992)["Court must uphold the findings of the PCR judge if such findings are supported by any evidence"]; Hill, 474 U.S. 52 [Where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he could not have pled guilty and would have insisted on going to trial].

Accordingly, Petitioner has failed to show deficient performance or prejudice on trial



17

counsel's part. <u>Smith</u>, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. This issue is therefore without merit and should be dismissed.

**II.**

In Ground Two, Petitioner asserts that he has been denied a "state created liberty interest" because he should be parole eligible and the Department of Corrections has not reduced his sentence. Petitioner raised this issue in a state habeas corpus filing, which the South Carolina Supreme Court denied. <u>See</u> Respondent's Attachment 11; <u>see</u> <u>also</u> Court Docket No. 1-4.

Petitioner bases his claim on S.C. Code Ann. § 44-53-375(b), which provides in relevant part:

> Possession of one or more grams of methamphetamine or cocaine base is prima facie evidence of a violation of this subsection. Notwithstanding any other provision of law, a person convicted and sentenced pursuant to this subsection for a first offense or second offense **may** have the sentence suspended and probation granted, and is eligible for parole, supervised furlough, community supervision, work release, work credits, education credits, and good conduct credits.

[Emphasis Added].

However, this statute merely provides the Petitioner would be eligible for consideration of early release, and "[b]ecause parole eligibility is only a possibility and not mandatory, it is well settled that a prisoner has no protected liberty interest in the grant of parole." <u>Richardson v. Mahon</u>, No. 15-3317, 2016 WL 302665 at * 3 (D.S.C. Jan. 25, 2016)(quoting <u>Greenholtz v. Inmates of Nebraska Penal and Correctional Complex</u>, 442 U.S. 1, 10-11 (1979)["That the state holds out the possibility of parole provides no more than a mere hope that the benefit will be obtained..."]; <u>but</u> cf. <u>Burks v. Thomas</u>, No. 14-0009, 2014 WL 5025339 at **1-2 (D.S.C. Oct. 6, 2014) ["While the Fourteenth Amendment itself does not confer a liberty interest in parole itself, it does protect a liberty interest in parole eligibility conferred by statute."](citing <u>Wilkinson v. Dotson,</u> 544 U.S. 74 (2005)).



As for Petitioner not being considered as parole eligible, Petitioner is ineligible for parole consideration under South Carolina law because he is also serving a consecutive sixteen (16) year sentence for trafficking in heroin more than four grams under S.C. Code Ann. § 44-53-370(e)(3).[8] Petitioner's trafficking conviction precludes parole consideration throughout that period. See S.C. Code Ann. § 44-53-370(e)(3)["for a first offense, a term of imprisonment of not less than seven years nor more than twenty-five years, **no part of which may be suspended nor probation granted,** and a fine of fifty thousand dollars][Emphasis Added].   The record reflects that at Petitioner's guilty plea, the plea judge specifically informed him that the trafficking offense was "a Violent Offense which means no parole and a Serious Offense." (R.p. 29).  Petitioner affirmed that he understood and still wished to plead guilty.  (R.p. 30).

Based upon the foregoing, Petitioner has not shown a federal law violation entitling him to relief on this claim.  Therefore, Ground Two should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

---

[8]While Petitioner was charged with "active or constructive possession of more than 14 grams of heroin," he pled to "trafficking in heroin more than four grams," which is covered by § 44-53-370(e)(3)(a). (R.p. 29).  Therefore, while Petitioner references § 44-53-370(e)(3)(b) and correctly points out that a sentence under that statute carries a mandatory twenty-five (25) year sentence, he did not plead to a quantity of fourteen (14) grams or more but less than twenty-eight (28) grams, so that statute is not relevant to his petition concerning his plea.  See Memorandum in Opposition, p. 5.  Petitioner also cites to Bolin v. South Carolina Department of Corrections, No. 14-461, 2015 WL 7008581 (S.C. Nov. 12, 2015).  However, the charge in Bolin was under § 44-53-375(b) and did not involve a concurrent sentence, being served, for a non-parole offense.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 3, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

