**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Kenneth Henry Sherman, #183789, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 9:15-cv-3660-PMD-BM |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Tim Riley, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Bristow Marchant's report and recommendation ("R & R") (ECF Nos. 36 & 30). The Magistrate Judge recommends granting Respondent's summary judgment motion (ECF No. 14) and dismissing Petitioner's petition for relief under 28 U.S.C. § 2254 (ECF No. 1).

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a timely, specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of

the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting summary judgment on both of Petitioner's asserted grounds for relief. Petitioner's two objections relate to his petition's first ground, where he alleges that his plea counsel rendered ineffective assistance of counsel by mishandling a motion to suppress. Specifically, Petitioner alleges, counsel erred by not calling Petitioner to testify at the suppression hearing.

Petitioner framed that ground solely as a Sixth Amendment claim, and so the Magistrate Judge analyzed it as such. Recognizing, however, that Petitioner's claim is predicated upon a Fourth Amendment violation, the Magistrate Judge liberally construed the § 2254 petition to also include a standalone Fourth Amendment claim. The Magistrate Judge concluded this Court could not review such a claim on the merits because, *inter alia*, South Carolina's court system gave Petitioner an adequate opportunity to litigate the Fourth Amendment issue. *See Stone v. Powell*, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnotes omitted)).

In his first objection, Petitioner takes issue with the Magistrate Judge's reliance on *Stone*. Petitioner points out that in *Kimmelman v. Morrison*, the Supreme Court held that *Stone* does not apply "to Sixth Amendment ineffective-assistance-of-counsel claims . . . founded primarily on incompetent representation with respect to a Fourth Amendment issue." 477 U.S. 365, 382–83 (1986). Petitioner has not, however, argued that he was denied the "full and fair" litigation

2

opportunity *Stone* requires, and he has not challenged the Magistrate Judge's other basis for not addressing the Fourth Amendment issue on its merits. The narrowness of Petitioner's objection confirms that Petitioner has made only a Sixth Amendment claim. In light of that clarification, the Court need not review the portion of the R & R analyzing Petitioner's first ground as an independent Fourth Amendment claim.[1]

Petitioner's second objection addresses the Magistrate Judge's analysis of the Sixth Amendment claim. For the most part, Petitioner simply disagrees with the Magistrate Judge's conclusion. The Court need not address that bald disagreement. *See, e.g.*, *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution . . . is not an 'objection' as that term is used in this context." (citation and quotation marks omitted)).

One portion of Petitioner's objection, however, requires some discussion. According to Petitioner, two police cruiser dashboard cameras recorded the traffic stop that led to his arrest. However, the videos were not introduced at the suppression hearing. Petitioner argues that the videos should have been introduced because they contradict the State's timeline of the events leading up to Petitioner's arrest. At the PCR hearing, plea counsel testified that he never received copies of the videos and could not remember why. In his objection, Petitioner contends plea counsel could have obtained the videos if he had simply read a letter from the solicitor's

---

1. The Court does not mean to suggest the Magistrate Judge erred by construing the § 2254 petition as alleging a Fourth Amendment claim. Respondent asserted in his summary judgment motion that Petitioner might also be making a freestanding Fourth Amendment claim, and Petitioner did not challenge that assertion. Instead, in his reply brief, Petitioner cited Fourth Amendment cases and made arguments relevant to Fourth Amendment issues. Thus, when this matter became ripe for the Magistrate Judge's review, it was not clear whether Petitioner was making both a Sixth Amendment claim and a Fourth Amendment claim or instead was making only a Sixth Amendment claim that involved a Fourth Amendment violation. That ambiguity required the Magistrate Judge to take the more liberal view of the petition and assume the claims were separate. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). However, because Petitioner has now, after the fact, clarified that his first ground does not include a separate Fourth Amendment claim, the Court can no longer address it. *Cf. White v. Rivera*, 518 F. Supp. 2d 752, 758 (D.S.C. 2007) (stating a district court may not construct a *pro se* litigant's arguments for him or address issues that he did not squarely present to the court (citations omitted)), *aff'd*, 262 F. App'x 540 (4th Cir. 2008) (per curiam).

office that mentioned the videos and provided instructions on how to download them from the Internet. Petitioner accuses plea counsel of providing ineffective assistance by failing to read that letter and thus not discovering critical video evidence.

This theory of ineffective assistance, which differs from the theory Petitioner asserted in his § 2254 petition, is procedurally defaulted. A federal court may grant relief under § 2254 only if, *inter alia*, the petitioner has first exhausted his state court remedies. *Stewart v. Warden of Lieber Corr. Inst.*, 701 F. Supp. 2d 785, 790 (D.S.C. 2010), *appeal dismissed sub nom. Stewart v. Bodison*, 412 F. App'x 633 (4th Cir. 2011) (per curiam). Exhausting an ineffective assistance claim in South Carolina state court consists of four steps: (1) the petitioner raises the claim in a PCR application before the circuit court; (2) the circuit court denies the claim; (3) the petitioner appeals that ruling to the state Supreme Court; and (4) either the Supreme Court or the Court of Appeals denies relief. *See In re Exhaustion of State Remedies in Criminal & Post-Conviction Relief Cases*, 471 S.E.2d 454, 454 (S.C. 1990) ("[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."); *State v. Kornahrens*, 350 S.E.2d 180, 184 (S.C. 1986) (stating that ineffective assistance claims generally must be asserted in PCR proceedings); Rule 243 (a), (l), SCACR (providing that circuit courts' PCR decisions are reviewed by state Supreme Court and that Supreme Court can transfer review to Court of Appeals). Petitioner's missing-video theory made it only through the first two steps. Petitioner's PCR appellate counsel did not include that issue in his certiorari petition, and, accordingly, the Supreme Court never addressed it.

Because PCR appellate counsel did not raise the missing-video theory to the Supreme Court, Petitioner has missed his one opportunity to exhaust that claim in state court. Thus, that

4

theory is procedurally defaulted, and this Court will not consider it. *See Stewart*, 701 F. Supp. 2d at 790 ("When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition." (citing *Smith v. Murray*, 477 U.S. 527, 533 (1986))); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (procedural default exists where "the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Procedural default is a rule "designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). Those federalism concerns must yield to merits review only when the state prisoner has cause and prejudice excusing the procedural default or "a fundamental miscarriage of justice" would occur if the federal habeas court did not review the defaulted claim's merits. *Coleman*, 501 U.S. at 750. Petitioner has not attempted to prove either exception. *See id.* (giving habeas petitioners the burden of proving those exceptions).[2] Therefore, the Court cannot address the merits of Petitioner's missing-video theory. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (stating "a federal habeas court may not review" a procedurally defaulted claim). To the extent that the R & R addresses the theory on its merits, this Court declines to review that analysis and instead denies relief on procedural grounds.

---

2.  Because ineffective assistance of PCR appellate counsel cannot excuse procedural default, *Johnson v. Warden of Broad River Corr. Inst.*, No. 12-7270, 2013 WL 856731, at *1 (4th Cir. Mar. 8, 2013) (per curiam), the Court expresses no opinion on the quality of representation that Petitioner's PCR appellate counsel provided.

In sum, Petitioner's objections provide no basis for rejecting the R & R. Further, with the two exceptions identified above, the Court has reviewed the entire R & R. The portions the Court has reviewed accurately state the facts of this case and the applicable law, and therefore the Court adopts those portions as its opinion.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Petitioner's objections to the R & R are **OVERRULED**, that Respondent's motion for summary judgment is **GRANTED**, and that Petitioner's § 2254 application is **DISMISSED** with prejudice.[3]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**May 11, 2016**
**Charleston, South Carolina**

---

3. The Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

6